Adam M. Starr, CSB #246292
AdamStarr@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WORKOUT LIFTING VIDEO GAMES LLC, a Wyoming limited liability company, and RUSH INTERACTIVE LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>XOXO LAST WORD RECORDS LIMITED, a foreign company,<br><br>Defendant. | Case No. 3:25-cv-04538<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1. Plaintiffs are the owners of the popular video game known as *Baddies*. *Baddies* has been played nearly one billion times and is one of the top games on the Roblox gaming platform. Defendant has created a virtual 1:1 copy of *Baddies*. Defendant knows what it is doing is illegal. It has actively tried to cover its tracks. Plaintiffs seek to stop defendant's unlawful conduct and recover the losses they have suffered and will continue to suffer, including any profits defendant has gained from its unlawful infringement.

## PARTIES

2. Workout Lifting Video Games LLC is a Wyoming limited liability company.

3. Rush Interactive LLC is a Wyoming limited liability company.

4. Defendant XOXO Last Word Records Limited is a company registered in England.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (original jurisdiction of copyright claims).

6. The Court has personal jurisdiction over defendant because it consented in writing to jurisdiction in its DMCA counternotice.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred, and/or in which plaintiffs' injury was suffered.

## FACTUAL ALLEGATIONS

8. Plaintiffs co-own and operate the video game *Baddies*, which is distributed and played on Roblox. Roblox is an online platform that allows its users to play games made by users and video game studios. The games hosted on Roblox are free to play, but generate revenue through microtransactions and in-game advertising.

9. Plaintiffs' game, *Baddies* was released on Roblox in 2024. Plaintiffs hold a U.S. copyright registration for *Baddies*. U.S. Copyright Reg. No. PA0002-532-652.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

1  10.  Defendant published the following games on Roblox (the "Infringing Games"):

https://www.roblox.com/games/108486808633479/CHARLI-XCX-OBBY

https://www.roblox.com/games/106263741769280/Hangout

11.  The Infringing Games copy *Baddies* protectable expressions, including, user interface elements (e.g., the visual or textual contents, layout, and/or design of the menus, etc.), in-game objects, artwork, level design, animations, design aesthetics, game pieces, and the selection and coordination of game elements, colors, and shapes.

12.  The similarities are not merely the result of the games existing in the same genre or dictated by function.  Defendant made conscious decisions to copy the creative choices and unique designs that were implemented in *Baddies*.  The similarities between *Baddies* and the Infringing Games are not coincidental.  They are the result of willful infringement by defendant in an effort to steal the market for plaintiffs' game.

13.  On or about May 15, 2025, plaintiffs submitted a Digital Millennium Copyright Act notice to Roblox.

14.  On or about May 17, 2025, defendant submitted a counternotice.

## FIRST CLAIM

### (Copyright Infringement)

15.  Plaintiffs re-allege the foregoing allegations as if set forth in full.

16.  *Baddies* is an original and creative expressive work that is copyrightable under 17 U.S.C. §§ 101 et seq.

17.  Defendant had access to *Baddies* before creating and publishing the Infringing Games because *Baddies* is publicly available on Roblox.

18.  Defendant copied substantial original elements of *Baddies* without authorization from plaintiffs and incorporated them into the Infringing Games.

19.  Defendant knew that the Infringing Games infringe plaintiffs' copyrights in *Baddies*, or acted with reckless disregard for, or willful blindness to, plaintiffs' rights.

20. As a direct and proximate result of defendant's infringement, plaintiffs have suffered, and will continue to suffer damages. Plaintiffs are entitled to their actual damages, and any profits of defendant attributable to the infringement.

21. Plaintiffs have no adequate remedy at law. Defendant's continued wrongful conduct will cause plaintiffs irreparable injury that cannot be adequately remedied at law unless the Court enjoins defendant from further infringement.

## JURY DEMAND

22. Plaintiffs request a jury trial on all issues in this matter.

## PRAYER

WHEREFORE, plaintiffs pray for judgment as follows:

A. Judgment in favor of plaintiffs and against defendant;

B. An award of actual damages to plaintiffs, including any profits of defendant attributable to the infringement;

C. Prejudgment and post-judgment interest;

D. Attorney fees;

E. A preliminary and/or permanent injunction restraining defendant and his agents and affiliates, and anyone acting in concert with him, from directly or indirectly violating plaintiffs' rights under the Copyright Act; and

F. Any further relief in law or equity that plaintiffs are entitled to or which the Court deems appropriate.

DATED: May 29, 2025.        MARKOWITZ HERBOLD PC

*s/ Adam M. Starr*
Adam M. Starr, CSB #246292
AdamStarr@MarkowitzHerbold.com
*Attorneys for Plaintiffs*

2314202.1